**REYNOLDS et al. v. SOAP CORPORATION OF AMERICA.**
Civ. No. 442.

United States District Court
N. D. Texas, Wichita Falls Division.
Nov. 19, 1948.

858

Kearby Perry and John Davenport, both of Wichita Falls, Tex., for plaintiffs.

Otis E. Nelson (of Nelson, Montgomery & Robertson), Wichita Falls, Tex., for defendant.

ATWELL, Chief Judge.

The defendant established its soap factory in what may be termed the industrial part of Wichita Falls, in which district were citizens who owned their homes and had lived there prior to the establishment of the factory.

Some of the city authorities had given permission for the establishment of the factory, but there was no attempt at zoning regulations. The manufacture of soap begun in the latter part of 1947. In January, 1948 the city brought a suit to enjoin its continuance, but was unsuccessful.

Eleven plaintiffs, residents and citizens of the immediate neighborhood of the defendant's factory, brought this suit to enjoin the continuance of the defendant's business. The defendant plead res adjudicata and then the general issue.

We have examined, during the trial, thirty witnesses, and one plaintiff who testified in full. An agreement was entered in open court that the other plaintiffs would testify to the same effect.

The nuisance complained of by the plaintiffs is that the operation of the defendant's plant is a nuisance because it emits to that immediate neighborhood, obnoxious, nauseating and distasteful odors. That the odors are so persistent that they permeate a washing that is hung on the line to dry, that they come in through the doors and windows of their respective homes, requiring the closing of those openings during the heated period, and at other times so that the nuisance interferes with the comfort of the resident. That air-cooling apparatus does not cleanse the atmosphere of these odors, but, in truth, aggravates them because more of the atmosphere is brought into the home and thus no adequate protection can be had. The odors are so bad they interfere with eating.

The testimony supports these allegations.

The plea of res adjudicata made by the defendant must be overruled because the plaintiffs are strangers to that suit and the pleadings in the two suits are quite different. The defendant's suggestion that the factory was established with the approval of the city authorities is of no legal weight because the city authorities have no right to exercise the powers of eminent domain without affording just compensation for the property so taken. The recognition of that doctrine in this suit may be slightly superlative, but it is a nuisance peculiar to the citizens of that particular locality and does, in truth, result in a continued discomfort at their respective homes to which they should not be subjected.

A decree may be entered enjoining the defendant from emitting, or, causing to be emitted from its factory, obnoxious, nauseating and harmful odors.